71 341
4ap419
71 341
158a 741

THEODORE D. FOWLER, Respondent, *v.* JOHN E. VAN NATTA, Appellant.

*Referee's conclusions as to the value of services rendered — when not disturbed on appeal — the taking of defendant's property by the plaintiff at the completion of the employment, no bar — admission of utterly immaterial evidence disregarded.*

In an action brought to recover the value of services rendered, the plaintiff claimed that between April 1, 1885, and April 1, 1888, at the request of the defendant, during certain winters, he lived at the summer resort of defendant and cared for the same, and during certain summers he rendered services in various capacities when the place was open for business; but that no price was ever agreed upon between them as to what he should be paid. The defendant conceded that the services were rendered at his request, but claimed that they were rendered at a price agreed upon when the hiring commenced, and that such price had been fully paid.

Upon the trial before a referee, one Mack, an apparently disinterested witness, testified that in the fall of 1884 he made the bargain for the defendant with the plaintiff, whose wages were to be the same as one Dann's, whose place he took. Plaintiff positively denied that anything was said by Mack about wages, and it appeared that the services rendered by the plaintiff were much more responsible than those rendered by Dann. The referee found in favor of the plaintiff for the full amount claimed.

*Held,* that the evidence did not present a case in which an appellate court should interfere with the conclusion of the referee, though on paper the weight of evidence appeared to be favorable to the defendant;

That even if it were proved in such an action that the plaintiff, when he moved out of defendant's premises, took with him a large quantity of baskets belonging to the defendant and other persons, which he had no right to remove, it would not be an act such as would bar his action for the recovery of wages due him.

Upon the trial of the case, the plaintiff was allowed to prove, under the defendant's objection, that his work was worth as much as his board.

*Held,* that such evidence was so utterly immaterial that no possible effect prejudicial to the defendant's case could have been given to it.

APPEAL by defendant, John E. Van Natta, from a judgment of the Supreme Court, confirming the report of a referee in favor of the plaintiff, entered in the office of the clerk of the county of Tompkins on the 2d day of February, 1892.

The defendant on the trial requested the referee to find, among other things, that when the plaintiff moved out of the defendant's summer resort, he took with him a large quantity of baskets belonging to the defendant and to other persons, which he had no right to remove. This the referee refused to find.

Upon the trial, the plaintiff offered to prove that his work was worth as much as his board. This was objected to by the defendant. The objection was overruled and the defendant excepted. The answer was, " I earned my board. I received no compensation for what I did." Which answer the defendant's counsel moved to strike out on the ground that the witness was incompetent. The motion was denied and the defendant excepted.

*Frank M. Leary* and *M. N. Tompkins,* for the appellant.

*Charles H. Everts,* for the respondent.

PARKER, J. :

This action is brought to recover for services rendered by the plaintiff for the defendant from April 1, 1885, to the 1st day of April, 1888. The defendant was the owner of a summer resort on Cayuga lake, and the plaintiff lived upon the premises and cared for the same during the winters, and rendered services in various capacities during summers when the place was open for business.

The plaintiff claims that he went there and rendered the services at the request of the defendant, but that no price was ever agreed upon between them as to what he should be paid.

The defendant concedes that the services were rendered at his request, but claims that they were rendered at a price agreed upon between them at the time the hiring commenced, and that such price has been fully paid. The action was tried before a referee, who found for the plaintiff to the full amount of his claim, and from the judgment entered on the report the defendant brings this appeal.

The main question presented to us is whether the evidence sus-

tains the referee's finding that no agreement for price was ever made between the parties, and that, therefore, the plaintiff was entitled to recover what the services rendered were fairly worth.

Such question is purely one of fact. There is a decided conflict in the direct evidence upon it. Mack testifies that he made the bargain for the defendant with the plaintiff, and that his wages were to be the same as Dann's, whose place he took. Yet, plaintiff as positively denies that anything was said by Mack about wages. It may be that the fact that Mack was apparently disinterested, and that the evidence of one or two other witnesses as to the plaintiff's admissions, make what appears on paper to give the weight of evidence to the defendant, yet, if we had heard the witnesses, and had an opportunity to judge of the credit to be given to each, by seeing them on the witness stand, we might very easily see why the referee has given credit to the plaintiff, rather than to Mack.

The talk with Mack was in the fall of 1884, and may well be claimed to have been for no longer than the following spring. The services rendered as superintendent were much more responsible than those rendered by Dann, and the evidence shows were worth considerably more.

Upon all the evidence, we cannot say that it is a case where, within the rules laid down by the decisions, an appellate court should interfere with the conclusions of the referee. ( *Westerlo* v. *De Witt,* 36 N. Y. 340, 345; *Baird* v. *Mayor, etc., of City of N. Y.,* 96 id. 567; *Devlin* v. *Greenwich Savings Bank,* 125 id. 756; *Beckwith* v. *N. Y. C. R. R. Co.,* 64 Barb. 308; *Roosa* v. *Smith,* 17 Hun, 138; *Thompson* v. *Vrooman,* 21 N. Y. Supp. 180.)

Nor do we think there was any error in the refusal of the referee to find the facts requested by the defendant, or in his rulings upon the admission of evidence, that warrants the granting of a new trial.

As to the request concerning the oats, the evidence does not warrant the conclusion that the plaintiff mixed them with his own with the fraudulent purpose of using them, or that he fed them to his horses in fraud of the defendant. As to the baskets, if he did take them when he left the defendant's employment, we do not think it would be such an act as would bar his action for the recovery of wages due him. It was an act done after his employment ceased. As to the evidence admitted at folio 62, under defend-

ant's objection, it seems to be so utterly immaterial that no possible effect could have been given it prejudicial to the defendant's case.

We conclude, therefore, that the judgment must be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.